FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 DEC 13 AM 8: 24

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

JOSE LUIS HILARIO-PAULINO,                )
                                          )
        Petitioner,                       )
                                          )
v.                                        )   CV 305-138
                                          )
MICHAEL PUGH, Warden,                     )
                                          )
        Respondent.                       )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jose Luis Hilario-Paulino, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed a petition under Title 28, United States Code, Section 2241 contesting the execution of his sentence of confinement. Respondent has filed his response to the petition. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

The Federal Bureau of Prisons ("BOP") has contracted with the Corrections Corporation of America ("CCA"), a private corporation, to house federal prisoners at MCF, a facility operated by CCA. The contract requires CCA to follow the BOP Program Statement for Disciplinary Procedures. While incarcerated at MCF, petitioner committed a

disciplinary infraction, which resulted in his appearance before a Disciplinary Hearing Officer ("DHO") and the disallowance of twenty-seven days of Good Conduct Time ("GCT") and the forfeiture of twenty days of GCT as a disciplinary sanction.[1]

## II. DISCUSSION

Petitioner raises two grounds for relief in his petition. First, he claims that the BOP's contract with CCA constitutes an unlawful delegation of the BOP's authority to house federal prisoners. Second, he argues that under the BOP's Program Statement 5270.07, authority to disallow GCT in disciplinary proceedings is limited to federal prisons, not state or private prison facilities. Petitioner's two claims are interrelated and will be address together.

Petitioner argues that CCA does not meet the regulatory definition of a federal prison or correctional institution, and that it therefore is not authorized to enforce federal regulations providing for the forfeiture of GCT. Respondent counters by noting that a BOP administrator reviewed petitioner's disciplinary proceedings and determined that the proceedings were conducted in substantial compliance with the applicable BOP Program Statement, the weight of the evidence supported the DHO's decision, and the sanctions imposed were appropriate. Resp. Ex. A. Respondent argues that because the BOP has approved of CCA's disciplinary proceedings and their results, petitioner's arguments about the delegation of federal authority to CCA is moot.

The BOP is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3).

---

[1] Petitioner's projected release date is January 13, 2007.

The BOP's authority in this area may include contracting out the care of prisoners to private facilities. 18 U.S.C. § 4013(a)(3). The relationship between the federal government and facilities which house federal inmates pursuant to contract has been described as follows:

> Even though the federal government may enter into contracts with a local agency for imprisonment of federal prisoners, "no 'federal agency or officer thereof has any authority to exercise any control over the day to day management of the local institution or over the details of the custody and care of federal prisoners confined therein.'" . . . . 18 U.S.C. § 4001(b)(1), [provides] that "'[t]he control and management of Federal penal and correctional institutions. . . shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws. . .'" Therefore, when the Attorney General is not permitted to fulfill this role with respect to a penal facility, even when a contract for usage of that facility exists, the facility cannot properly be categorized a "Federal" prison.

United States v. Cardona, 266 F. Supp.2d 558, 560 (W.D. Tex. 2003) (internal citations omitted).

Here, petitioner relies on Cardona to support his contention that MCF, which is run by CCA, is not a "federal" prison. Petitioner points out, and respondent does not contest, that the "daily management of the facility, in addition to the care of all federal prisoners housed in McRae, is the sole responsibility of CCA and the employees hired by the corporation." Pet. at 6. Thus, the BOP has no direct or constructive control over managerial functions at MCF. For these reasons, the Court agrees that MCF is not a "federal" prison.

The Court must now determine whether MCF, as a non-federal facility, may nevertheless impose disciplinary sanctions as delegated by the BOP. The court in Carabollo-Rodriguez v. Pugh, CV 304-081 (S.D. Ga. June 13, 2005), recognized that "[i]t is well-established that federal agencies may not delegate their statutory authorities to private

3

parties. However, '[t]he ultimate test of the validity of an agency's delegation of responsibility to a private party is whether the delegating agency retains final decision-making authority.'" Id. (citing Ocean Conservancy v. Evans, 260 F. Supp. 2d 1162, 1183 (M.D. Fla. 2003)). Here, the BOP determined that the disciplinary proceedings and resulting disallowance of GCT were proper. Resp. Ex. B, C. Because the BOP has retained final decision-making authority in the imposition of disciplinary sanctions, it has not unlawfully delegated its authority to CCA. Petitioner may not obtain relief on this ground.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 13th day of December, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE